Timothy C. Williams, Esq., SBN 128520
D. Alexander Floum, Esq., SBN 152287
THE WILLIAMS FIRM
1850 Mt. Diablo Boulevard, Suite 340
Walnut Creek, CA 94596
(925) 933-9800

Attorneys for Plaintiff, ADVANCED ENGINEERING SOLUTION, INC.,
a California corporation

**Filed**

FEB 2 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*Paid
51
①*

HRL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ADVANCED ENGINEERING SOLUTION, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> PACCAR, INC., a Delaware corporation; KENWORTH TRUCK COMPANY, an unknown entity; KALYPSO, INC., a corporation; PARAMETRIC TECHNOLOGY CORPORATION, a Massachusetts corporation; ANDREW TIMM, an individual; JORDAN REYNOLDS, an individual; and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO: CV 12-00986 <br><br> VERIFIED COMPLAINT FOR: <br><br> (1) BREACH OF CONTRACT <br> (2) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS; <br> (3) NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS; <br> (4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; <br> (5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE; <br> (6) MISAPPROPRIATION OF TRADE SECRETS; <br> (7) BREACH OF FIDUCIARY DUTY; <br> (8) CONVERSION; <br> (9) UNFAIR COMPETITION; and <br> (10) INJUNCTIVE RELIEF. |

Plaintiff, ADVANCED ENGINEERING SOLUTION, INC., a California corporation ("Plaintiff" or "AES"), alleges as follows:

1.    Plaintiff, AES, is, and at all times mentioned herein was, a corporation duly organized and existing under the laws of the

1

1  State of California, with its principal office located in the City

2  of San Jose, County of Santa Clara, State of California.

3      2.    Plaintiff is informed and believes, and thereon alleges,

4  that Defendant, PACCAR, INC., is, and at all times mentioned herein

5  was, a Delaware corporation, with its principal of place located the

6  City of Bellevue, County of King, State of Washington ("PACCAR").

7      3.    Plaintiff is informed and believes, and thereon alleges,

8  that Defendant, KENWORTH TRUCK COMPANY, is, and at all times

9  mentioned herein was, an unknown entity, with its principal of place

10 located the City of Kirkland, County of King, State of Washington

11 ("KENWORTH").

12     4.    Plaintiff is informed and believes, and thereon alleges,

13 that Defendant, KALYPSO, INC., is, and at all times mentioned herein

14 was, an unknown corporation, with its principal of place located the

15 City of Beachwood, County of Cuyahoga, State of Ohio ("KALYPSO").

16     5.    Plaintiff is informed and believes, and thereon alleges,

17 that Defendant, PARAMETRIC TECHNOLOGY CORPORATION, is, and at all

18 times mentioned herein was, a Massachusetts corporation, with its

19 principal of place located the City of Needham, County of Norfolk,

20 State of Massachusetts ("PARAMETRIC").

21     6.    Plaintiff is informed and believes, and thereon alleges,

22 that Defendant, ANDREW TIMM, is, and at all times mentioned herein

23 was, an individual residing in the City of Round Rock, County of

24 Travis, State of Texas ("TIMM").

25     7.    Plaintiff is informed and believes, and thereon alleges,

26 that Defendant, JORDAN REYNOLDS, is, and at all times mentioned

27 herein was, an individual residing in the City of Seattle, County of

28 King, State of Washington ("REYNOLDS").

8.   Plaintiff is informed and believes, and thereon alleges, that, at all times relevant hereto, Defendants, and each of them, were the agents, servants, joint venturers, partners, employees and/or co-conspirators of the other Defendants named herein and that, at all times relevant hereto, each of the Defendants was acting within the course and scope of said relationship with said Defendants.

9.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sue these Defendants by their fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants, Does 1 through 100, is responsible for the acts and omissions alleged herein, and/or otherwise liable to Plaintiff for payment of damages as alleged in this Complaint. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

**JURISDICTION**

10.   The district court has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because all of the plaintiff is in a different state from all of the defendants, and the amount in controversy exceeds $75,000.00.

**INTRADISTRICT ASSIGNMENT AND VENUE**

11.   Venue is proper under 28 U.S.C. § 1391(b)(2) and/or (3) as the subject agreements were entered into and was to be performed in this judicial district, and a substantial part of the events giving rise to these claims occurred in this judicial district, and because

VERIFIED COMPLAINT - CASE NO:

all of the defendants are subject to personal jurisdiction in this judicial district.    The instant case is of a type proper in this district.

## BASIC FACTUAL ALLEGATIONS

12.   Plaintiff, AES, is one of the leading providers of product lifecycle management software customization, architecture and programming, systems engineering, simulation of Computational Fluid Dynamics and finite element analysis, and information technology solutions.

13.   Defendant, PACCAR, manufactures trucks and engages in other business.

14.   Defendant, KENWORTH, is a subsidiary or line of PACCAR's, and manufactures trucks.

15.   Defendant, KALYPSO, is a competitor of Plaintiff, AES. KALYPSO also provides services related to product lifecycle management software customization, architecture and programming.

16.   Defendant, PARAMETRIC, provides software and software-related services.    Plaintiff is informed and believes, and thereon alleges, that PARAMETRIC provides services to PACCAR related to PACCAR's common driveline customization and implementation project, as described below.

17.   On or about August 10, 2010, Defendant, KENWORTH, issued a purchase order, being purchase order number 1009056 (the "Purchase Order"), for:

> Professional Services for the design and implementation of a common driveline configuration program as described in the statement of work: "Common driveline customization and implementation", between Paccar and Advanced Engineering Solutions dated August 10th 2011 for a total not to exceed $645,346.

A true and correct copy of the Purchase Order is attached hereto as Exhibit "A", and incorporated herein by this reference.

18. On or about September 16, 2010, Plaintiff, AES and Defendant, PACCAR, entered into a Statement of Work (the "Statement of Work"). A true and correct copy of the Statement of Work is attached hereto as Exhibit "B", and incorporated herein by this reference.

19. On or about September 16, 2010, Plaintiff, AES and Defendant, PACCAR, entered into a Master Agreement for Professional Services (the "Master Agreement"). A true and correct copy of the Master Agreement is attached hereto as Exhibit "C", and incorporated herein by this reference.

20. In the Purchase Order, Statement of Work and Master Agreement (collectively the "Agreements"), Defendants, PACCAR and KENWORTH, promised to pay AES $645,346 for its work on the common driveline configuration program.

21. In the Purchase Order, Statement of Work and Master Agreement (collectively the "Agreements"), Defendants, PACCAR and KENWORTH, promised to pay AES $645,346 for its work on the common driveline configuration program.

22. Section 1.4 of the Master Agreement provides:

> PACCAR and Consultant [i.e. AES] agree not to hire each other's employees, either directly, indirectly or through third parties, as long as any SOW under this Agreement is in effect.

23. Plaintiff, AES invested substantial sums of money, time and energy into developing valuable intellectual property, trade secrets and proprietary rights related to product lifecycle management software customization, architecture and programming and

1  related products (collectively the "Intellectual Property and Trade
2  Secrets").

3      24.  For  several  years,  Defendants,  TIMM  and  REYNOLDS
4  (collectively  the  "Employees")  were  employees  of  Plaintiff,  AES.
5  The  Employees  all  entered  into  agreements  with  Plaintiff,  AES,
6  wherein  the  Employees  promised  not  to  disclose  any  of  the
7  Intellectual Property and Trade Secrets to any third party.

8      25.  Plaintiff  is  informed  and  believes,  and  thereon  alleges,
9  that,  in  or  about  December  2011,  PACCAR,  KENWORTH,  KALYPSO,
10 PARAMETRIC and the Employees conspired to misappropriate Plaintiff,
11 AES',  valuable  Intellectual  Property  and  Trade  Secrets,  and  to
12 transfer  such  Intellectual  Property  and  Trade  Secrets  to  PACCAR,
13 KENWORTH, KALYPSO and PARAMETRIC.

14     26.  Plaintiff  is  further  informed  and  believes,  and  thereon
15 alleges,  that,  in  or  about  December  2011,  PACCAR,  KENWORTH,  KALYPSO,
16 PARAMETRIC  and  the  Employees  conspired  to  terminate,  breach,  and
17 interfere  with  the  Agreements  by  having  PACCAR  and/or  KENWORTH
18 terminate  the  Agreements  with  Plaintiff,  AES,  and  to  have  KALYPSO
19 and  PARAMETRIC  take  over  the  performance  of  software  services
20 contemplated by the Agreements.

21                    **FIRST CAUSE OF ACTION**
                      **(BREACH OF CONTRACT)**
22          **(Against Defendants, PACCAR and KENWORTH)**

23

24     27.  Plaintiff  refers  to  the  allegations  contained  in
25 paragraphs  1  through  26,  inclusive,  and  incorporates  those
26 allegations herein as though fully set forth.

27     28.  As  set  forth  above,  Plaintiff  and  Defendants,  PACCAR  and
28 KENWORTH, entered into the Agreements.

29.    Plaintiff    performed    all    of    its    obligations    under    the Agreements, except as prevented or excused by PACCAR and KENWORTH.

30.    As set forth above, Defendants, PACCAR and KENWORTH, have breached or anticipatorily repudiated the Agreements.

31.    Section 1.4 of the Master Agreement between Plaintiff and PACCAR provides:

> PACCAR and Consultant agree not to hire each other's employees, either directly, **indirectly or through third parties**, as long as any [Statement of Work, the other main contract between the parties]  under this Agreement is  in  effect,  without  permission  in  writing  from  the other. (Emphasis added.)

32.    Plaintiff is informed and believes, and thereon alleges, that, while the Statement of Work was in effect, Defendants, PACCAR and KENWORTH, conspired with the Employees and KALYPSO to have the Employees leave Plaintiff's employ and to work for KALYPSO, all in breach of the Master Agreement.

33.    Due to the above-described breaches of the Agreements, Plaintiff has been damaged in a sum according to proof at trial.

34.    The Agreements provide for the award of fees.  By reason of the above-mentioned acts and omissions, it has become necessary for Plaintiffs to employ The Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

///

///

///

///

///

///

VERIFIED COMPLAINT - CASE NO:

## SECOND CAUSE OF ACTION
### (INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS)
### (Against Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC, TIMM AND REYNOLDS)

35.  Plaintiff refers to the allegations contained in paragraphs 1 through 34, inclusive, and incorporates those allegations herein as though fully set forth.

36.  Plaintiff was involved in valid and existing business relationships with PACCAR, KENWORTH and third parties.

37.  Plaintiff is informed and believes, and thereon alleges, that, Defendant, KALYPSO, intentionally interfered with Plaintiff's relationship with PACCAR, KENWORTH and third parties by making offers to the Employees and otherwise luring them away from Plaintiff, by infringing and misappropriating Plaintiff's Intellectual property and Trade Secrets, and by making it difficult or impossible for Plaintiff to continue business relations with PACCAR, KENWORTH and third parties.

38.  Section 1.4 of the Master Agreement between Plaintiff and PACCAR provides:

> PACCAR and Consultant agree not to hire each other's employees, either directly, **indirectly or through third parties**, as long as any [Statement of Work, the other main contract between the parties] under this Agreement is in effect, without permission in writing from the other. (Emphasis added.)

39.  Plaintiff is informed and believes, and thereon alleges, that, while the Statement of Work was in effect, Defendants, PACCAR and KENWORTH, conspired with the Employees and KALYPSO to have the Employees leave Plaintiff's employ and to work for KALYPSO.

40.  Plaintiff is further informed and believes, and thereon alleges, that, while the Statement of Work was in effect,

Defendants, PACCAR and KENWORTH, intentionally interfered with Plaintiff's relationship with third parties by infringing and misappropriating Plaintiff's Intellectual property and Trade Secrets, and by making it difficult or impossible for Plaintiff to continue business relations with such third parties.

41. Defendant, PARAMETRIC, knew or should have known of the relationship between Plaintiff, on the one hand, and Defendants, PACCAR and KENWORTH, and third parties, on the other hand.

42. Defendant, KALYPSO, knew or should have known of the relationship between Plaintiff, on the one hand, and Defendants, PACCAR and KENWORTH, and third parties, on the other hand.

43. Defendants, PACCAR and KENWORTH, knew or should have known of the relationship between Plaintiff and third parties.

44. Plaintiff is informed and believes, and thereon alleges, that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, intentionally contacted Plaintiff's customers, and unfairly competed with Plaintiff in order to convince Plaintiff's customers to stop doing business with Plaintiff and to instead do business with Defendants, KALYPSO and PARAMETRIC.

45. Plaintiff is further informed and believes and thereon alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, interfered with Plaintiff's contractual relations by conspiring to have the Employees stop working for Plaintiff, and instead to work for KALYPSO.

46. Plaintiff is further informed and believes and thereon alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, interfered with Plaintiff's contractual relations by

conspiring to have KALYPSO and PARAMETRIC replace Plaintiff in performing the work under the Agreements.

47. Plaintiff is informed and believes and thereon alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, misled Plaintiff's actual or prospective customers by acts or omissions including, but not limited to, defaming and/or unfairly casting aspersions on Plaintiff.

48. Plaintiff is further informed and believes and thereon alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, intentionally and wrongfully disrupted the relationships between Plaintiff, on the one hand, and Plaintiff's customers, on the other hand, by improperly using Plaintiff's Intellectual Property and Trade Secrets to lure away Plaintiff's customers.

49. As a result of Defendants' intentional acts, the business relationships between Plaintiff, on the one hand, and its actual or prospective customers, on the other hand, was disrupted in that the customers severed business negotiations with Plaintiff and entered into agreements to use Defendants, KALYPSO, PARAMETRIC and/or the Employees', services, instead of Plaintiff's, instead of Plaintiff's.

50. Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', interference with the business relationship between Plaintiff and its existing and prospective customers has resulted in damage to Plaintiff in a sum according to proof at trial.

51. As a further proximate result of Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', conduct and the severance of initial and renewal negotiations by Plaintiff's

1  prospective or existing customers, Plaintiff will suffer foreseeable
2  future damages in a sum according to proof at trial.

3      52.   The aforementioned acts of Defendants, PACCAR, KENWORTH,
4  KALYPSO, PARAMETRIC and the Employees, were willful, oppressive,
5  fraudulent and malicious. Plaintiff is therefore entitled to
6  punitive damages according to proof.

7      53.   Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the
8  Employees, threaten to and unless enjoined, will disrupt other
9  business relationships between Plaintiff and its prospective
10  customers or actual customers, to Plaintiff's great and irreparable
11  injury, for which damages would not afford adequate relief, in that
12  they would not completely compensate for the injury to Plaintiff's
13  business reputation and goodwill. Therefore, Plaintiff seeks a
14  permanent injunction to enjoin Defendants, PACCAR, KENWORTH,
15  KALYPSO, PARAMETRIC and the Employees, or anyone acting on said
16  Defendants' behalf, from directly or indirectly interfering with
17  Plaintiff's business relationships with its existing or potential
18  customer, or using Plaintiff's Intellectual Property and Trade
19  Secrets, otherwise interfering with any customers or prospective
20  customers of Plaintiff concerning their business relationships with
21  Plaintiff or otherwise unfairly competing with Plaintiff.

22      54.   The Agreements provide for the award of fees. By reason
23  of the above-mentioned acts and omissions, it has become necessary
24  for Plaintiffs to employ The Williams Firm to commence and prosecute
25  this action, with the reasonable value of services as counsel in
26  this action to be determined by the Court at the time of trial.
27  ///
28  ///

VERIFIED COMPLAINT – CASE NO:

### THIRD CAUSE OF ACTION
### (NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS)
### (Against Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC, TIMM AND REYNOLDS)

55. Plaintiff refers to the allegations contained in paragraphs 1 through 54, inclusive, and incorporates those allegations herein as though fully set forth.

56. Plaintiff was involved in numerous valid and existing business relationships with customers, and Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, interfered with such relationships, all as set forth in detail hereinabove.

57. Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, knew or should have known of the relationships between Plaintiff and its customers.

58. Plaintiff is informed and believes and thereon alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, misled Plaintiff's actual or prospective customers.

59. Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, negligently disrupted the relationships between Plaintiff, on the one hand, and Plaintiff's existing and prospective customers, on the other hand.

60. As a result of Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', negligent acts, the business relationships between Plaintiff, on the one hand, and Plaintiff's existing and prospective customers, on the other hand, were disrupted in that Plaintiff's existing or prospective customers severed business negotiations with Plaintiff and entered into

12

1   agreements to use Defendant, KALYPSO, PARAMETRIC and/or the
2   Employees', or third parties' services, instead of Plaintiff's.

3       61.  Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the
4   Employees', interference with the business relationship between
5   Plaintiff and its customers has resulted in damage to Plaintiff in a
6   sum according to proof at trial.

7       62.  As a further proximate result of Defendants, PACCAR,
8   KENWORTH, KALYPSO, PARAMETRIC and the Employees', conduct and the
9   severance of negotiations by Plaintiff's prospective or existing
10  customers, Plaintiff will suffer foreseeable future damages in a sum
11  according to proof at trial.

12      63.  Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the
13  Employees, threaten to and unless enjoined, will disrupt other
14  business relationships between Plaintiff and its prospective
15  customers or actual customers, to Plaintiff's great and irreparable
16  injury, for which damages would not afford adequate relief, in that
17  they would not completely compensate for the injury to Plaintiffs
18  business reputation and goodwill. Therefore, Plaintiff seeks a
19  permanent injunction to enjoin Defendants, PACCAR, KENWORTH,
20  KALYPSO, PARAMETRIC and the Employees, or anyone acting on said
21  Defendants' behalf, from directly or indirectly interfering with
22  Plaintiff's business relationships with its existing or potential
23  customer, or using Plaintiff's confidential, proprietary and/or
24  trade secret information, otherwise interfering with any customers
25  or prospective customers of Plaintiff concerning their business
26  relationships with Plaintiff or otherwise unfairly competing with
27  Plaintiff.

28

VERIFIED COMPLAINT - CASE NO:

64.   The Agreements provide for the award of fees.   By reason of the above-mentioned acts and omissions, it has become necessary for Plaintiffs to employ The Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

**FOURTH CAUSE OF ACTION**
**(INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)**
**(Against Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC, TIMM AND REYNOLDS)**

65.   Plaintiff refers to the allegations contained in paragraphs 1 through 64, inclusive, and incorporates those allegations herein as though fully set forth.

66.   Plaintiff has economic relationships with numerous potential customers of its services, and such relationships include the probability of future economic benefit.

67.   At all relevant times, Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, knew or should have known of the existence of such relationships.

68.   Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, intentionally and wrongfully disrupted the relationships between Plaintiff and its potential customers by acts including, but not limited to, intentionally contacting Plaintiff's potential customers, improperly using Plaintiff's Intellectual Property and Trade Secrets, luring away the Employees, and taking other unlawful and improper acts.

69.   Plaintiff is informed and believes and thereon alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, misled Plaintiff's actual or prospective customers.

VERIFIED COMPLAINT - CASE NO:

70.   Due to Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', acts, there has been an actual disruption of Plaintiff's relationships with its potential customers.

71.   As a result of Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', intentional acts, the business relationships between Plaintiff and its prospective customers were disrupted in that such potential customers severed their business negotiations with Plaintiff and entered into agreements to use Defendant, KALYPSO, PARAMETRIC and/or the Employees', or third parties, services, instead of Plaintiff's.

72.   Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', interference with the business relationship between Plaintiff and its prospective customers has resulted in damage to Plaintiff in a sum according to proof at trial.

73.   As a further proximate result of Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', conduct and the severance of initial and renewal negotiations by Plaintiff's prospective customers, Plaintiff will suffer foreseeable future damages in a sum according to proof at trial.

74.   The aforementioned acts of Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, were willful, oppressive, fraudulent and malicious. Plaintiff is therefore entitled to punitive damages according to proof.

75.   Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, threaten to and unless enjoined, will disrupt other business relationships between Plaintiff and its prospective customers or actual customers, to Plaintiff's great and irreparable injury, for which damages would not afford adequate relief, in that

1  they would not completely compensate for the injury to Plaintiff's
2  business reputation and goodwill. Therefore, Plaintiff seeks a
3  permanent injunction to enjoin Defendants, PACCAR, KENWORTH,
4  KALYPSO, PARAMETRIC and the Employees, or anyone acting on said
5  Defendants' behalf, from directly or indirectly interfering with
6  Plaintiff's business relationships with its existing or potential
7  customer, or using Plaintiff's confidential, proprietary and/or
8  trade secret information, otherwise interfering with any customers
9  or prospective customers of Plaintiff concerning their business
10 relationships with Plaintiff or otherwise unfairly competing with
11 Plaintiff.

12      76.  The Agreements provide for the award of fees.  By reason
13 of the above-mentioned acts and omissions, it has become necessary
14 for Plaintiffs to employ The Williams Firm to commence and prosecute
15 this action, with the reasonable value of services as counsel in
16 this action to be determined by the Court at the time of trial.

17
18                          **FIFTH CAUSE OF ACTION**
   **(NEGLIGENT INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE)**
19          **(Against Defendants, PACCAR, KENWORTH, KALYPSO,**
                    **PARAMETRIC, TIMM AND REYNOLDS)**
20

21      77.  Plaintiff refers to the allegations contained in
22 paragraphs 1 through 76, inclusive, and incorporates those
23 allegations herein as though fully set forth.

24      78.  Plaintiff has economic relationships with numerous
25 potential customers of its services, and such relationships include
26 the probability of future economic benefit.

27
28

VERIFIED COMPLAINT - CASE NO:

1   79.  At all relevant times, Defendants, PACCAR, KENWORTH,

2   KALYPSO, PARAMETRIC and the Employees, knew or should have known of

3   the existence of such relationships.

4   80.  Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the

5   Employees, negligently and wrongfully disrupted the relationships

6   between Plaintiff and its potential customers by acts including, but

7   not limited to, contacting Plaintiff's potential customers,

8   undercutting Plaintiff's price, improperly using Plaintiff's

9   confidential, trade secret and proprietary information, and taking

10  other unlawful and improper acts.

11  81.  Plaintiff is further informed and believes and thereon

12  alleges that Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and

13  the Employees, misled Plaintiff's actual or prospective customers.

14  82.  Due to Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC

15  and the Employees', acts, there has been an actual disruption of

16  Plaintiff's relationships with its potential customers.

17  83.  As a result of Defendants, PACCAR, KENWORTH, KALYPSO,

18  PARAMETRIC and the Employees', negligent acts, the business

19  relationships between Plaintiff and its prospective customers was

20  disrupted in that such potential customers severed their business

21  negotiations with Plaintiff and entered into agreements to use

22  Defendants, KALYPSO and/or PARAMETRIC's and/or the Employees',

23  services, instead of Plaintiff's.

24  84.  Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the

25  Employees', interference with the business relationship between

26  Plaintiff and its prospective customers has resulted in damage to

27  Plaintiff in a sum according to proof at trial.

28

VERIFIED COMPLAINT – CASE NO:

85.   As   a   further   proximate   result   of   Defendants,   PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', conduct and the severance   of   initial   and   renewal   negotiations   by   Plaintiff's prospective   customers,   Plaintiff   estimates   that   it   will   suffer foreseeable future damages in a sum according to proof at trial.

86.   Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees,   threaten   to   and   unless   enjoined,   will   disrupt   other business   relationships   between   Plaintiff   and   its   prospective customers or actual customers, to Plaintiff's great and irreparable injury, for which damages would not afford adequate relief, in that they would not completely compensate for the injury to Plaintiff's business   reputation   and   goodwill.   Therefore,   Plaintiff   seeks   a permanent   injunction   to   enjoin   Defendants,   PACCAR,   KENWORTH, KALYPSO,   PARAMETRIC   and   the   Employees,   or   anyone   acting   on   said Defendants'   behalf,   from   directly   or   indirectly   interfering   with Plaintiff's   business   relationships   with   its   existing   or   potential customer,   or   using   Plaintiff's   Intellectual   Property   and   Trade Secrets,   otherwise   interfering   with   any   customers   or   prospective customers of Plaintiff concerning their business relationships with Plaintiff or otherwise unfairly competing with Plaintiff.

87.   The Agreements provide for the award of fees.   By reason of the above-mentioned acts and omissions, it has become necessary for Plaintiffs to employ The Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

///

///

///

VERIFIED COMPLAINT - CASE NO:

### SIXTH CAUSE OF ACTION
#### (MISAPPROPRIATION OF TRADE SECRETS)
#### (Against Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC, TIMM AND REYNOLDS)

88. Plaintiff refers to the allegations contained in Paragraphs 1 through 87, inclusive, and incorporates those allegations herein as though fully set forth.

89. Plaintiff owned trade secrets in the form of software methods, processes, coding and related approaches and information, information regarding customers, vendors, employees, and suppliers, business methods, and other valuable trade secrets (collectively the "Trade Secrets"). Plaintiff is informed and believes, and thereon alleges, that the Employees converted confidential information from Plaintiff's computers and files, and then gave the Trade Secrets to Defendants, PACCAR, KENWORTH, KALYPSO and PARAMETRIC. The Employees were instructed by Plaintiff to keep this information secret and such information was not generally known to the public or to people who could obtain value from knowing it. These forms of information were secret in that the Employees were instructed by Plaintiff to keep this information secret. These Trade Secrets had actual or potential independent economic value because they were secret, and Plaintiff made reasonable efforts to keep the information secret.

90. These forms of information were trade secrets at the time they were misappropriated by Defendant.

91. Plaintiff was harmed by Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', use of Plaintiff's Trade Secrets in that on information and belief, Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, used these trade secrets without Plaintiff's consent and Plaintiff's existing or

prospective customers severed business relations with Plaintiff and entered into agreements to use Defendants, KALYPSO, PARAMETRIC and/or the Employees', services, or third parties' services instead of Plaintiff's.

92. At the time of the above-described uses, Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, knew or had reason to know that its knowledge of Plaintiff's Trade Secrets came from or through Plaintiff and that said Defendants had a duty not to unlawfully use the Trade Secrets.

93. Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees', use of these Trade Secrets was a substantial factor in causing Plaintiff's harm.

94. As a result of the above-described acts, Plaintiff has been damaged in an amount to be proven at trial.

95. In committing the above-described acts, Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC and the Employees, acted with oppression, fraud, malice and in wanton disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages from said Defendants. The aforementioned conduct of Defendants was fraudulent and made with the intention on the part of said Defendants of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages.

96. The Agreements provide for the award of fees. By reason of the above-mentioned acts and omissions, it has become necessary for Plaintiffs to employ The Williams Firm to commence and prosecute

1 this action, with the reasonable value of services as counsel in
2 this action to be determined by the Court at the time of trial.

### SEVENTH CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY)
### (Against Defendant, TIMM)

97. Plaintiff refers to the allegations contained in paragraphs 1 through 96, inclusive, and incorporates those allegations herein as though fully set forth.

98. As Plaintiff's corporate officer, Defendant, TIMM, owed a fiduciary duty to Plaintiff of the highest good faith, care and undivided service and loyalty.

99. The fiduciary duty of Defendant, TIMM, as officer included the obligation to use reasonable care, diligence and skill in the performance of their actions, including the higher degree of skill and diligence than is required from a non-fiduciary.

100. Defendant, TIMM, signed all of the agreements on Plaintiff's behalf between Plaintiff, on the one hand, and Defendants, PARAMETRIC, PACCAR, Cat and Nvidia, on the other hand. Defendant, TIMM, failed to inform Plaintiff that several of these contracts were cancelled, and then, on information and belief, given to Defendant, KALYPSO.

101. Defendant, TIMM's, acts and omissions, included, but were not limited to, infringing and misappropriating Plaintiff's Intellectual Property and Trade Secrets, interfering with

Plaintiff's current and prospective business relations, conspiring to take business away from Plaintiff, converting Plaintiff's property, as discussed in more detail hereinbelow, and other acts and omissions.

102. In acting or omitting to act as more particularly alleged herein, Defendant, TIMM, breached his fiduciary duties and obligations to Plaintiff.

103. Plaintiff has suffered and continues to suffer damages in a sum according to proof at trial as a proximate and legal result of the breaches of fiduciary duty by Defendant, TIMM.

104. As a result of the above-described acts, Plaintiff has been damaged in an amount to be proven at trial.

105. In committing the above-described acts, Defendant, TIMM, acted with oppression, fraud, malice and in wanton disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages from said Defendant.  The aforementioned conduct of said Defendant was fraudulent and made with the intention on the part of said Defendant of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages.

### EIGHTH CAUSE OF ACTION
#### (CONVERSION)
#### (Against Defendants, TIMM and REYNOLDS)

106. Plaintiff refers to the allegations contained in paragraphs 1 through 105, inclusive, and incorporates those allegations herein as though fully set forth.

107. Within the last two years Plaintiff was the owner with the right to possession of certain personal property described as follows: (1) Plaintiff's corporate laptops; (2) Plaintiff's corporate documents; and (3) other personal property.

108. The property described in paragraph 107 of this complaint had a reasonable fair market replacement value exceeding $8,000.00.

109. Within the last two years, Defendants, TIMM and REYNOLDS, and each of them, removed each of these items from Plaintiff's premises, constituting an actual and substantial interference with Plaintiff's ownership and possessory interests in the property and converted it to Defendants', TIMM and REYNOLDS, own use.

110. Defendants, TIMM and REYNOLDS, acted with fraud, oppression, and malice, in that the above-described actions were taken as part of Defendants, TIMM and REYNOLDS', plan or scheme to harass, vex, harass, and injure Plaintiff. Defendants, TIMM and REYNOLDS's, conduct arose from hatred and ill-will toward Plaintiff and a desire to oppress Plaintiff and with the wrongful intention of injuring Plaintiff. The conduct was taken with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the actions taken toward Plaintiff were carried out in a cold, deliberate, callous and intentional manner in order to injure and damage Plaintiff, Plaintiff is therefore entitled to recover punitive damages from Defendants in an amount according to proof and in an amount appropriate to punish and make an example of Defendants.

///

///

///

23

### NINTH CAUSE OF ACTION
#### (UNFAIR COMPETITION)
**(Against Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC, TIMM AND REYNOLDS)**

111. Plaintiff refers to the allegations contained in paragraphs 1 through 110, inclusive, and incorporates those allegations herein as though fully set forth.

112. Defendants, PACCAR, KENWORTH, KALYPSO, the Employees, and each of them, infringed and misappropriated Plaintiff's Intellectual Property and Trade Secrets, interfered with Plaintiff's actual and prospective business relations, conspired to take business away from Plaintiff, unlawfully terminated the Agreements without paying Plaintiff, hired away the Employees, conspired to take business away from Plaintiff, and committed other unlawful and/or unfair acts and omissions, all as alleged hereinabove, with wrongful purpose.

113. Such wrongful actions are unlawful, unfair and fraudulent and deceptive business acts or practices which thus violate Section 43(a) of the Lanham Act, California Business and Professions Code Sections 17200 et seq., and other federal and state laws against unfair competition

114. Defendants, PACCAR, KENWORTH, KALYPSO, and the Employees, threaten to and unless restrained, will continue to commit further acts of unfair competition and to wrongfully interfere with Plaintiff's existing and prospective customers.

115. As a proximate result of the above-mentioned acts of said Defendants, Plaintiff has suffered damages, including, but not limited to, losing the patronage of actual and potential customers, all to its damage in a sum according to proof at trial.

VERIFIED COMPLAINT – CASE NO:

116. In committing the above-described acts, Defendants, PACCAR, KENWORTH and KALYPSO and the Employees, acted with oppression, fraud, malice and in wanton disregard of Plaintiff's rights, and Plaintiff is entitled to exemplary and punitive damages from said Defendants. The aforementioned conduct of Defendants was fraudulent and made with the intention on the part of said Defendants of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights so as to justify an award of exemplary and punitive damages.

117. The Agreements provide for the award of fees. By reason of the above-mentioned acts and omissions, it has become necessary for Plaintiffs to employ The Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

### TENTH CAUSE OF ACTION
### (INJUNCTIVE RELIEF)
### (Against Defendants, PACCAR, KENWORTH, KALYPSO, PARAMETRIC, TIMM AND REYNOLDS)

118. Plaintiff refers to the allegations contained in paragraphs 1 through 117, inclusive, and incorporates those allegations herein as though fully set forth.

119. Plaintiff is informed and believes, and thereon alleges, that unless restrained and enjoined, Defendants, PACCAR, KENWORTH, KALYPSO, and the Employee's, conduct will cause Plaintiff to suffer irreparable damages, injury, and harm, because said Defendants will continue to (1) wrongfully interfere with Plaintiff's business relationships, (2) misappropriate or wrongfully use Plaintiff's

VERIFIED COMPLAINT – CASE NO:

Trade Secret, including, but not limited to, Plaintiff's software methods, processes, coding and related approaches and information, information regarding customers, vendors, employees, and suppliers, business methods, and other valuable trade secrets (3) wrongfully convert and use Plaintiff's documents and other property, and (4) commit other acts and omissions, as described above.

120. Plaintiff has no plain, adequate, or speedy remedy at law to protect its business reputation and to maintain its customer relationships, because it is difficult or impossible to set the amount of damages which Plaintiff will suffer if Defendants, PACCAR, KENWORTH, KALYPSO and the Employees, are not restrained, and because Plaintiff will be forced to institute a multiplicity of suits to obtain adequate compensation for Defendants, Defendants, PACCAR, KENWORTH, KALYPSO and the Employees', wrongdoing.

121. Plaintiff requests that Defendants, PACCAR, KENWORTH, KALYPSO and the Employees, be restrained and enjoined during the pendency of this action and after judgment from engaging, committing or performing, directly or indirectly, any or all of the following acts:

(a) wrongfully interfering with Plaintiff's business relationships;

(b) misappropriating or wrongfully using Plaintiff's Trade Secret, including, but not limited to, Plaintiff's software methods, processes, coding and related approaches and information, information regarding customers, vendors, employees, and suppliers, business methods, and other valuable trade secrets;

(c) infringing Plaintiff's Intellectual Property;

(c) wrongfully converting and use Plaintiff's documents and other property; and

(d) committing other unlawful acts and omissions, as described above.

122. The Agreements provide for the award of fees. By reason of the above-mentioned acts and omissions, it has become necessary for Plaintiffs to employ The Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, PACCAR, KENWORTH, KALYPSO, TIMM and REYNOLDS, and each of them, as follows:

1.    For damages in a sum according to proof;

2.    Awarding Plaintiff prejudgment and postjudgment interest;

3.    For exemplary and punitive damages in a sum according to proof at the time of trial;

4.    For a temporary restraining order, preliminary injunction and permanent injunction all enjoining Defendants, PACCAR, KENWORTH, KALYPSO, TIMM and REYNOLDS and their agents, servants, and employees, from engaging, committing or performing, directly or indirectly, any or all of the following acts:

(a) wrongfully interfering with Plaintiff's business relationships;

(b) misappropriating or wrongfully using Plaintiff's Trade Secret, including, but not limited to, Plaintiff's software methods, processes, coding and related approaches and information,

VERIFIED COMPLAINT – CASE NO:

1    information regarding customers, vendors, employees, and suppliers,

2    business methods, and other valuable trade secrets;

3        (b)  infringing on Plaintiff's Intellectual Property;

4        (c)  wrongfully converting and use Plaintiff's documents and

5    other property; and

6        (d)  committing other unlawful acts and omissions, as described

7    above.

8        5.    For attorneys fees;

9

10       6.    For costs of suit; and

11       7.    For such other and further relief as the Court may deem

12   just and proper.

13

14                                    THE WILLIAMS FIRM

15

16

17   Dated: 02/23/12

18                                    _____
                                      D. Alexander Floum, Esq.
19                                    Attorneys for Plaintiff, ADVANCED
                                      ENGINEERING SOLUTION, INC.,
20                                    a California corporation

21

22

23

24

25

26

27

28

28

1

2                             **VERIFICATION**

3        I, AKHIL SETH, am President and CEO of ADVANCED ENGINEERING

4   SOLUTION, INC., a California corporation ("AES"), Plaintiff in this

5   action, and am authorized to make this verification on behalf of

6   AES, and I make this verification for that reason.   I have read the

7   foregoing VERIFIED COMPLAINT and know its contents.    The matters

8   stated in it are true of my own knowledge except as to those matters

9   which are stated on information and belief, and to those matters I

10  believe them to be true.

11       I declare under penalty of perjury under the laws of the United

12  States  of  America,  the  State  of  Washington  and  the  State  of

13  California that the foregoing is true and correct.   Executed this

14  23rd day of February, 2012, at San Jose, California.

15

16                              _____
                                  Akhil Seth

17

18

19

20

21

22

23

24

25

26

27

28