1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADVANCED ENGINEERING SOLUTION, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>PACCAR, INC., a Delaware corporation; KENWORTH TRUCK COMPANY, an unknown entity; KALYPSO, INC., a corporation; PARAMETRIC TECHNOLOGY CORPORATION, a Massachusetts corporation; ANDREW TIMM, an individual; JORDAN REYNOLDS, an individual; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 5:12-CV-00986-LHK<br><br>ORDER DISMISSING DEFENDANTS KENWORTH TRUCK COMPANY, KALYPSO, INC., PARAMETRIC TECHNOLOGY CORPORATION, ANDREW TIMM, AND JORDAN REYNOLDS; ORDER SETTING CASE MANAGEMENT CONFERENCE FOR REMAINING PARTIES |

Plaintiff Advanced Engineering Solution, Inc. ("Plaintiff") filed a complaint against Paccar, Inc. ("Paccar"); Kenworth Truck Company ("Kenworth Truck"); Kalypso Inc. ("Kalypso"), Parametric Technology Corporation ("Parametric Technology"); Andrew Timm ("Timm"); Jordan Reynolds ("Reynolds"); and Does 1 through 100, inclusive (collectively, "Defendants"), on February 27, 2012, asserting ten causes of action. *See* ECF No. 1 ("Complaint"). On March 27, 2012, Paccar filed an Answer and Counterclaims. ECF No. 11. Plaintiff filed an Answer to Paccar's Counterclaims on April 17, 2012. ECF No. 20. On May 11, 2012, Defendant Timm filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to which Plaintiff failed to respond. *See* ECF No. 28. Accordingly, on July 23, 2012,

1

1    the Court issued an Order to Show Cause Why this Case Should Not Be Dismissed For Failure to

2    Prosecute.  *See* ECF No. 33 ("OSC").  The Court ordered Plaintiff to respond by August 13, 2012,

3    and to appear at an OSC hearing on August 30, 2012.

4         In response to the OSC, Plaintiff explains that it continues to suffer financial hardship and

5    has been unable to find new counsel since The Williams Law Firm withdrew as Plaintiff's counsel

6    on April 26, 2012.[1]  *See* ECF Nos. 21, 24.  In light of Plaintiff's financial hardship, Plaintiff

7    requests: (1) dismissal of this case without prejudice due to financial inability to pursue litigation;

8    or, alternatively, (2) transfer of this case to the United States District Court, Western Division of

9    Texas, Austin Division ("Texas Court"), where Plaintiff is the defendant in a case Plaintiff alleges

10   is related to the instant suit; or, alternatively, (3) that the Court allow Plaintiff 60 additional days to

11   seek and obtain representation.  *See* ECF No. 36 ("Response") at 2.  In light of Plaintiff's motion

12   for dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a), the Court

13   provided Defendants an opportunity to respond.  Defendants Timm, Parametric Technology, and

14   Paccar filed oppositions to Plaintiff's request for dismissal without prejudice, transfer, or an

15   extension of time.  *See* ECF No. 38 ("Timm Opp'n"); ECF No. 40 ("Parametric Technology

16   Opp'n"); ECF No. 41 ("Paccar Opp'n").  The Court held an OSC hearing on August 30, 2012, at

17   which Plaintiff, Timm, Parametric Technology, and Paccar appeared.

18   **I.      Rule 41(a)(1)(A)(i) Dismissal**

19        Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss an action without

20   a court order by filing "a notice of dismissal before the opposing party serves either an answer or a

21   motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i).  "Unless the notice . . . states

22   otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).  "Under Rule 41(a)(1),

23   a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of

24   an answer or a motion for summary judgment. . . .  The dismissal is effective on filing and no court

25   order is required."  *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (internal citations

26   omitted); *accord United States v. Real Property Located at 475 Marin Lane, Beverly Hills, CA*,

27

28   _____
     [1] Plaintiff retained Structure Law Group for the sole, limited purpose of filing the Response to the
     OSC.  Response at 1 n.1.

Case No.: 12-CV-00986-LHK
ORDER DISMISSING DEFENDANTS; SETTING CASE MANAGEMENT CONFERENCE

1    545 F.3d 1134, 1145 (9th Cir. 2008).  Moreover, a plaintiff need not dismiss the entire action

2    pursuant to Rule 41(a)(1); rather, "[t]he plaintiff may dismiss some or all of the defendants, or

3    some or all of his claims, through a Rule 41(a)(1) notice."  *Wilson*, 111 F.3d at 692 (internal

4    citations omitted).  A Rule 41(a)(1)(A)(i) dismissal does not require a particular form of a notice of

5    dismissal, so long as the intent to dismiss is clear.  *Goudlock v. Thompson*, Civil No. 08cv00204

6    BEN (RBB), 2011 WL 1167545, at *6 (S.D. Cal. Jan. 28, 2011) (citing *Williams v. Ezell*, 531 F.2d

7    1261, 1263 (5th Cir. 1976) (holding that plaintiff's failure to cite Rule 41(a)(1) in its "motion for

8    dismissal" was of no consequence where plaintiff's intent to dismiss was apparent).

9           Here, neither Timm nor Parametric Technology has yet served an answer or a motion for

10   summary judgment, and therefore Plaintiff may dismiss its claims against them without prejudice

11   pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Likewise, Plaintiff has not yet even

12   filed proof of service of the Summons and Complaint on Defendants Kenworth Truck, Kalypso,

13   and Reynolds, and thus none of those Defendants has yet filed an answer or a motion for summary

14   judgment either.[2]  Accordingly, the Court construes Plaintiff's request for dismissal as a notice of

15   dismissal pursuant to Rule 41(a)(1)(A)(i) with respect to Timm, Parametric Technology, Kenworth

16   Truck, Kalypso, and Reynolds.  Although Timm had filed a motion to dismiss, the Ninth Circuit

17   has held that a pending motion to dismiss is not the equivalent of a motion for summary judgment

18   for purposes of Rule 41(a)(1)(A)(i).  *See Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970).

19   The mere fact that Paccar, another co-Defendant, had served an answer prior to Plaintiff's request

20   for dismissal does not vitiate Plaintiff's "absolute right to voluntarily dismiss . . . some or all of the

21   defendants" so long as the Defendants whom Plaintiff seeks to dismiss have not yet served an

22   answer or motion for summary judgment.  *Wilson*, 111 F.3d at 692.  Accordingly, Plaintiffs' claims

23   against Timm, Parametric Technology, Kenworth Truck, Kalypso, and Reynolds are DISMISSED

24   WITHOUT PREJUDICE.

25

26

27   _____
     [2] Dismissal of the action against Kenworth Truck and Kalypso without prejudice is also proper
28   under Federal Rule of Civil Procedure 4(m), as Plaintiff has failed to serve them within 120 days of
     filing the complaint.

Case No.: 12-CV-00986-LHK
ORDER DISMISSING DEFENDANTS; SETTING CASE MANAGEMENT CONFERENCE

United States District Court
For the Northern District of California

1    Furthermore, although Timm and Parametric Technology insist that they should be awarded

2    costs and fees in the event of a dismissal without prejudice, the Court may impose costs and fees

3    upon a plaintiff as a condition of voluntary dismissal only pursuant to Federal Rule of Civil

4    Procedure 41(a)(2), not Rule 41(a)(1)(A)(i).  Rule 41(a)(2) applies to a voluntary dismissal only if

5    a defendant files an answer or a motion for summary judgment before the plaintiff seeks to

6    voluntarily dismiss the action.  As previously discussed, neither Timm nor Parametric Technology

7    has filed an answer or a motion for summary judgment, and therefore Rule 41(a)(2) does not apply

8    to them.  Accordingly, Timm and Parametric Technology cannot seek attorneys' fees and costs

9    under Rule 41(a)(2), and their request for fees and costs is DENIED.

10       **II.       Rule 41(b) Dismissal**

11          Unlike the other Defendants, Paccar has filed an answer and has asserted counterclaims

12   against Plaintiff, and therefore Plaintiff cannot dismiss this action against Paccar without prejudice

13   absent a court order.  *Wilson*, 111 F.3d at 692 ("Once the defendant serves an answer or a motion

14   for summary judgment, however, the plaintiff may no longer voluntarily dismiss under Rule

15   41(a)(1), but must file a motion for voluntary dismissal under Rule 41(a)(2).").  Federal Rule of

16   Civil Procedure 41(a)(2) provides that when a notice of dismissal may no longer be filed and not

17   all parties will stipulate to dismissal, "an action may be dismissed at the plaintiff's request only by

18   court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Here, Plaintiff

19   requests dismissal without prejudice pursuant to Rule 41(a)(2), but Plaintiff makes clear that its

20   request for dismissal without prejudice is contingent upon dismissal of Paccar's counterclaims as

21   well.  *See* Response at 3 ("Nothing by way of this request is intended to seek a dismissal of

22   [Plaintiff's] claims without the concurrent dismissal of related counterclaims.").  Under Rule

23   41(a)(2), however, "[i]f a defendant has pleaded a counterclaim before being served with the

24   plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the

25   counterclaim can remain pending for independent adjudication."  Because Plaintiff is explicit that it

26   does not seek dismissal against Paccar unless Paccar's counterclaims are also dismissed, and

27   because Paccar objects to Plaintiff's request for dismissal without prejudice, the Court cannot

28   construe Plaintiff's request as a true motion for dismissal pursuant to Rule 41(a)(2).

4

United States District Court
For the Northern District of California

1    Instead, the Court must consider whether dismissal of this action for failure to prosecute is

2    warranted pursuant to Federal Rule of Civil Procedure 41(b).  Rule 41(b) permits involuntary

3    dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  The

4    district court has the inherent power to dismiss a case *sua sponte* for lack of prosecution.

5    *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Ash v. Cvetkov*, 739 F.2d 493,

6    496 (9th Cir. 1984) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))).  A dismissal pursuant

7    to Rule 41(b) is committed to the sound discretion of the district court.  *Link*, 370 U.S. at 633.

8    "Dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme

9    circumstances." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986).  Before

10   dismissing a case for failure to prosecute, a court should weigh the following factors: "(1) the

11   public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

12   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

13   their merits[;] and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423

14   (citations omitted).

15   Here, the Court invoked its inherent power to dismiss a case *sua sponte* for lack of

16   prosecution and issued an Order to Show Cause why this case should not be dismissed for failure

17   to prosecute because of Plaintiff's failure to file an opposition to Defendant Timm's motion to

18   dismiss and motion to strike.  *See* ECF No. 33.  Plaintiff's only explanation for its failure to

19   prosecute this action is its financial inability to retain counsel.  Plaintiff is a California corporation

20   and is therefore required to be represented by counsel.  *See* Civ. L.R. 3-9(b) ("A corporation,

21   unincorporated association, partnership or other such entity may appear only through a member of

22   the bar of this Court.").  Plaintiff's counsel withdrew more than four months ago, with Plaintiff's

23   consent, yet Plaintiff has made no progress in procuring new counsel.  *See* ECF Nos. 21, 24.

24   Accordingly, the public's interest in expeditious resolution of litigation and the Court's need to

25   manage its docket weigh in favor of dismissal under Rule 41(b).

26   On the other hand, Defendant Paccar has not shown how it has been prejudiced by

27   Plaintiff's failure to oppose Defendant Timm's motions to dismiss and to strike, which was the sole

28   basis for the Court's Order to Show Cause.  Paccar did not join in Timm's motions to dismiss and

5

to strike. Rather, Paccar filed its Answer and Counterclaims on March 27, 2012, and Plaintiff filed its Answer to Paccar's Counterclaims on April 17, 2012. A hearing on Timm's motions was set for September 6, 2012, and the initial case management conference was set for that same day. *See* ECF No. 30. Accordingly, discovery has not yet commenced, and no case schedule has been set. Therefore, at this point, any prejudice suffered by Paccar has been minimal in comparison to the severe prejudice Plaintiff will suffer if this action is dismissed with prejudice pursuant to Rule 41(b).

Moreover, Plaintiff requests an additional 60 days to locate and retain new counsel, suggesting a desire to continue litigating this action. Although Plaintiff provided no declaration or other evidence in connection with its OSC Response demonstrating Plaintiff's efforts to retain new counsel, Plaintiff explained at the August 30, 2012 OSC hearing that it expects its financial prospects to improve substantially in the near future. Indeed, Plaintiff was able to retain counsel for the limited purpose of filing its OSC Response and appearing at the OSC hearing, further evidencing a good faith effort and intent to pursue this action. Bearing in mind the strong public policy favoring disposition of cases on their merits, the Court finds Plaintiff's actions sufficiently promising and in good faith to overcome the public's interest in expeditious resolution of litigation and the Court's need to manage its docket.

Accordingly, the Court grants Plaintiff one last opportunity to locate new counsel and to prosecute this action diligently. An initial case management conference is set for October 24, 2012, at 2:00 p.m. By October 3, 2012, Plaintiff shall retain new counsel, who shall: (1) file a notice of appearance; (2) file a status report advising the Court of how Plaintiff intends to proceed with the litigation; and (3) meet and confer with counsel for Paccar pursuant to Federal Rule of Civil Procedure 26(f). Plaintiff's failure to retain new counsel by October 3, 2012, will result in dismissal of this action against Paccar with prejudice.[3]

### III.    CONCLUSION

---

[3] Because the Court grants Plaintiff's request for additional time to retain new counsel, the Court need not rule on Plaintiff's request in the alternative to transfer this case to the United States District Court, Western Division of Texas, Austin Division, pursuant to 28 U.S.C. § 1404(a). In any event, Plaintiff has not filed a proper § 1404(a) motion to transfer venue.

Case No.: 12-CV-00986-LHK
ORDER DISMISSING DEFENDANTS; SETTING CASE MANAGEMENT CONFERENCE

1     For the foregoing reasons, Plaintiff's claims against Defendants Timm, Parametric,

2  Kenworth Trucking, Kalypso, and Reynolds are DISMISSED WITHOUT PREJUDICE.  An initial

3  case management conference for the remaining parties (Plaintiff and Defendant Paccar) is set for

4  October 24, 2012, at 2:00 p.m.

5  **IT IS SO ORDERED.**

6

7  Dated: September 12, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No.: 12-CV-00986-LHK
ORDER DISMISSING DEFENDANTS; SETTING CASE MANAGEMENT CONFERENCE